UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| DANA M. SHAFER, | Case No. 3:20-cv-00525-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| THE MOORE LAW GROUP, | |
| Defendant. | |

**I.   SUMMARY**

This is a Fair Debt Collections Practices Act ("FDCPA") case. Plaintiff Dana M. Shafer brings this action against Defendant The Moore Law Group for violation of 15 U.S.C. §§ 1692c(a)(2) and 1692d. (ECF No. 1.) Before the Court is Defendant's motion to dismiss.[1] (ECF No. 8.) Also before the Court is Plaintiff's motion to strike an argument Defendant raised for the first time in its reply brief.[2] (ECF No. 19.) As further explained below, the Court will grant Plaintiff's motion to strike and deny Defendant's motion to dismiss.

**II.   BACKGROUND**

Plaintiff allegedly incurred a debt ("the debt") to Department Stores National Bank sometime before February 2017.[3] (ECF No. 1 at 3.) Defendant was assigned the right to collect on the debt. (*Id.*) Defendant sued Plaintiff in Lyon County Justice Court ("the Collections Case") regarding the debt at sometime around June 2018. (*Id.*)

///

---

[1] Plaintiff responded (ECF No. 16) and Defendant replied (ECF No. 17).

[2] Defendant responded (ECF No. 26) and Plaintiff replied (ECF No. 29).

[3] Plaintiff states in the Complaint and the Court agrees that the validity of the debt is immaterial to this action. (ECF No. 1 at 3.)

On November 5, 2018, the state court dismissed the Collections Case for failure to prosecute. (ECF No. 8 at 2.) Over a year later, on November 18, 2019, Defendant filed and served an "Ex Parte Motion to Vacate Dismissal." (*Id.*) The state court granted Defendant's motion on July 15, 2020. (*Id.*; ECF No. 10.) On or about August 27, 2020, Defendant filed a "Notice of Entry of Order Granting Motion to Vacate Dismissal." (ECF Nos. 8 at 2, 11.)

Plaintiff contends (and Defendant does not deny) that Defendant became aware Plaintiff was represented by an attorney in the Collections Case as of at least March 2020. (ECF No. 1 at 3.) Accordingly, by July 2020, Defendant knew that Plaintiff was represented by counsel in the Collections Case. (*Id.*) Plaintiff's counsel did not file an appearance in the Collections Case until September 3, 2020, when he filed an answer to the complaint. (ECF No. 8 at 2.) Prior to September 3, 2020, Defendant served Plaintiff personally with pleadings pertaining to its Ex Parte Motion to Vacate Dismissal. (*Id.* at 3.)

Plaintiff filed this action asserting claims under the FDCPA on September 16, 2020. (ECF No. 1.) Plaintiff alleges that despite knowing she was represented by counsel, Defendant continued to communicate with her directly in violation of 15 U.S.C. § 1692c(a)(2). (*Id.* at 4.) Defendant does not dispute that it knew Plaintiff was represented by counsel, but claims its conduct is excepted from the FDCPA because the court gave it "express permission" to contact Plaintiff directly. (ECF No. 8 at 4.)

The Court will consider Plaintiff's motion to strike first, as its outcome affects what arguments the Court may consider, then will turn to Defendant's motion to dismiss.

### III.   MOTION TO STRIKE

Plaintiff moves to strike an argument that Defendant raised for the first time in its reply. (ECF No. 19.) In its motion to dismiss, Defendant's sole argument is that its conduct was permissible under the FDCPA because it had "express permission" from the state court to contact Plaintiff. (ECF No. 8 at 4-5.) However, in its reply, Defendant further argues that serving court documents does not constitute a "communication" under the

FDCPA. (ECF No. 17 at 2.) Plaintiff argues that the Court should not consider the newly raised communication argument.

"[T]o the extent that a party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond." *Oracle USA, Inc. v. Rimini Street, Inc.*, Case No. 2:10-cv-0106-LRH-VCF, 2016 WL 6208254, at *2 (D. Nev. Oct. 24, 2016); *see also Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1274 (9th Cir. 1993) (striking information raise for the first time in a reply brief); *Lindner v. Ford Motor Co.*, Case No. 2:10-cv-00051-LDG(VCF), 2012 WL 3598269, at *2 (D. Nev. Aug. 17, 2012) (granting a motion to strike new arguments in a reply that did not arise out of the initial reconsideration motion).

Defendant argues that it is permitted to raise this new argument because it was responding to an argument in Plaintiff's opposition brief.[4] (ECF No. 26 at 2.) The Court disagrees. The sentences Defendant claims to be responding to state, "The communications should have been sent to the firm, not to Plaintiff," and "The FDCPA prohibits communication with a debtor 'if the debt collector knows the consumer is represented by an attorney with respect to such debt.'" (*Id.* (quoting ECF No. 16 at 4).) Nothing in those sentences contains information ~~the~~ Defendant did not previously have. Moreover, the argument in Defendant's reply does not dispute where the communications should be sent, but rather what constitutes a communication under the FDCPA. Nothing of the kind ~~of~~ is raised in Plaintiff's opposition brief.

Because Plaintiff did not have the opportunity to respond to the newly raised "communications" argument, the Court will grant Plaintiff's motion to strike and will not consider it when deciding the motion to dismiss.

**IV.   MOTION TO DISMISS**

Defendant moves to dismiss Plaintiff's complaint under Federal Rule of 12(b)(6). (ECF No. 8.) Specifically, Defendant argues that it had "express permission of a court of

---

[4]Plaintiff cites to the Local Rules of Criminal Practice, which are not applicable here. *See* LCR 12-1(a)(3). However, because its argument is relevant to the equities of the motion to strike, the Court will consider the argument's substance.

competent jurisdiction" to communicate with Plaintiff, which is an exception to the prohibition on debt collectors from communicating with a consumer the debt collector knows is represented by an attorney. (*Id.* at 5.) Plaintiff counters that Defendant never received such permission and therefore violated the FDCPA. (ECF No. 16 at 4-5.)

### A.    Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does not permit the Court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (alteration in original) (internal quotation marks and citation omitted). That is insufficient.

4

When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

### B.   Discussion

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *See* 15 U.S.C. § 1692(e). Congress passed the FDCPA in light of "abundant evidence" of abusive and deceptive practices that contribute to bankruptcy, marital instability, loss of employment, and invasions of individual privacy. *See Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1099 (9th Cir. 1996) (citing 15 U.S.C. § 1692(a)).

Part of this protective scheme includes limiting when, where, and how debt collectors may communicate with consumers. Section 1692c(a)(2) of the FDCPA states, in relevant part:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

15 U.S.C. § 1692c(a)(2).

Plaintiff alleges that, despite knowing she was represented by counsel in the Collections Case, Defendant continued to attempt to communicate with her directly in its efforts to recover the debt. (ECF No. 1 at 4.) Defendant notably does not deny that it knew Plaintiff was represented by an attorney, but instead argues that it was justified in communicating with Plaintiff because it had "the express permission of a court of competent jurisdiction." (ECF No. 8 at 5.)

Defendant's support for this argument is inapposite. Relying on a Seventh Circuit case interpreting Illinois law and the local rules of the Third Judicial District Court of the

5

State of Nevada, Defendant attempts to craft a rule in which it is permitted to communicate with Plaintiff until her attorney makes an appearance in the court where she is being sued. (*Id.*) Defendant argues that the Third Judicial District's Local Rule 7(A) "requires that the moving party serve all parties with a memorandum setting forth the points and authorities relied upon in support of the motion." (*Id.*) It then extrapolates from the holding in *Holcomb v. Freedman Anselmo Lindberg, LLC*, 900 F.3d 990,

Plaintiff notes that, first, the Collections Case was brought in Lyon County Justice Court, not the Third Judicial District. Accordingly, the Third Judicial District's local rules did not even apply to the Collections Case, much less did they mandate that Defendant serve Plaintiff directly even knowing she was represented by an attorney. (ECF No. 16 at 5.) Defendant attempts to correct this error in its reply brief by citing to Rule 5 of the Justice Court Rules of Civil Procedure, which state: "Except as otherwise provided in these rules, every order required by its terms to be served, . . . shall be served upon each of the parties." (ECF No. 17 at 3.)

Defendant argues that Rule 7(A) and, later, Rule 5, provide the express permission that excepts its conduct from § 1692c(a)(2)'s communication prohibition. Defendant cites to *Holcomb v. Freedman Anselmo Lindberg, LLC*, in which the Seventh Circuit found that a rule requiring service on a party constituted "express permission" under § 1692c. 900 F.3d 990, 992-93 (7th Cir. 2018). But in *Holcomb*, the Court was faced with Illinois Supreme Court Rule 11, which states: "If a party is represented by an attorney of record, service shall be made upon the attorney. Otherwise service *shall be* made upon the party." *Id.* at 992 (emphasis in original). The *Holcomb* court concluded that "[a] court rule expressly *requiring* a certain action obviously *permits* that action, so a rule requiring service directly on a party expressly permits such service." *Id.* at 993 (emphasis in original).

But Plaintiff argues that the state court rules Defendant cites do not similarly mandate service on an individual. (ECF No. 16 at 5.) Instead, they require only that a party be served. Moreover, even under *Holcomb*, a represented party must be served

6

through their attorney. Given Congress' protective intent when enacting the FDCPA, the Court will not extend the reasoning in *Holcomb* to this situation, where no local rule expressly required serving Plaintiff directly.

Finally, Defendant's argument that Plaintiff's counsel should have simply filed a notice of appearance does not make sense as a matter of policy or logic. An attorney appearance is not required to trigger the protections of § 1692c(a)(2). Indeed, courts have found that even "more informal" communications have supported findings of violations of § 1692c(a)(2). *See Washington v. Portfolio Recovery Assocs., LLC*, 211 F. Supp. 3d 1041, 1055 (N.D. Ill. 2016) (collecting cases). The FDCPA's protections are not limited to litigation, and indeed cover persons who are or are not represented by attorneys. Moreover, at the time of the communications in question, the Collections Case had been dismissed and Defendant was seeking to reopen litigation. There is no fathomable reason that Plaintiff's attorney would have entered a notice of appearance prior to the Ex Parte Motion to Vacate Dismissal.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 8) is denied.

It is further ordered that Plaintiff's motion to strike (ECF No. 19) is granted.

DATED THIS 14th Day of September 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE